# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JASON MICHAEL DINGLE**　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　v.　　　　　　　　　　　　　*　　　**Civil Case No. 14-45-JFM**
　　　　　　　　　　　　　　　　　　　*
**CAROLYN W. COLVIN**　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　*************

## MEMORANDUM OPINION

Pending before the Court are the parties' Cross–Motions for Summary Judgment. (Docket Nos. 9 and 14). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 11 and 15). Plaintiff also has filed a Statement of Material Facts and a Reply. (Docket Nos. 10 and 16). After careful consideration of each of those submissions, I am granting Defendant's Motion for Summary Judgment (Docket No. 14) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 9).

### I. BACKGROUND

On April 1, 2011, Plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. (R. 191-99). In his applications, he alleged a disability onset date of July 15, 2009. *Id.* An Administrative Law Judge ("ALJ") held a hearing on August 9, 2012. (R. 31-63). Plaintiff appeared at the hearing with counsel and testified on his own behalf. *Id.* A vocational expert ("VE") also testified at the hearing, in response to hypothetical questions posed by the ALJ. (R. 56–62). In a decision dated August 20, 2012, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and that Plaintiff was therefore not disabled under the Act. (R. 27-28). The Appeals Council denied Plaintiff's request for review, (R. 1-5), making the ALJ's opinion the final, reviewable decision of the Commissioner. Plaintiff then filed this action. (Docket No. 1).

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In Social Security appeals, this Court determines whether substantial evidence exists in the record to support the Commissioner's decision. *See Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). This Court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *See Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D.Pa. 1998). If the ALJ's findings of fact are supported by substantial evidence, this Court must uphold the ALJ's decision even if this Court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). This Court must review the record as a whole in determining whether the ALJ's findings are supported by substantial evidence. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a claimant must demonstrate that he or she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

Each ALJ employs a five-step sequential analysis when evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past

2

relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the burden through the first four steps of the sequential evaluation, including the burden of establishing an inability to perform past relevant work. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). If the claimant fulfills this burden, the Commissioner bears the burden of proof at step five to show that the claimant is capable of other substantial gainful activity. *Id.*

After reviewing the entire record, this Court may affirm, modify, or reverse the ALJ's decision. *See Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

## B. WHETHER THE ALJ ERRED IN FORMULATING THE HYPOTHETICAL QUESTIONS TO THE VOCATIONAL EXPERT

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling; must avoid all exposure to hazardous environments; has moderate limitation in the ability to make judgments on simple work-related decisions; has moderate limitation in the ability to interact appropriately with supervisors, the public, and coworkers; has moderate limitation in the ability to respond to pressures and changes in a routine setting; and has marked limitation in the ability to understand, remember, and carry out detailed instructions. (R. 21). In posing an initial hypothetical to the VE, with respect to Plaintiff's mental health limitations, the ALJ stated, "And in addition to those physical limitations, such an individual would be restricted to simple tasks, simple decisions, and simple instructions, and that there would have to be few changes in work processes or locations." (R. 58). In response to that hypothetical, the VE testified that the individual could perform the light exertional jobs of cleaner, ticket taker, or parking lot

3

attendant. *Id.* In formulating the second hypothetical, with respect to the mental health limitations, the ALJ stated,

> Let's take the physical limitations I described previously, this time let's add the following mental limitations. I'll need to give you a definition or two. When I say moderate, I mean that a moderate limitation exists in the area, but the individual is still able to function satisfactorily [sic]. And when I say marked I mean that there is a serious limitation in the area where the ability to function is severely limited or all together precluded. An individual with a moderate limitation, with the ability to make judgments and simple work-related decisions and moderate limitations in interacting with supervisors, and moderate limitations interacting appropriately with coworkers, a moderate limitation on responding appropriately to work pressures in a usual work setting, a moderate limitation on the ability to respond appropriately to change in a routine work setting. And in addition, marked limitation on the ability to understand, remember and carry out detailed instructions.

(R. 59). In response to that revised hypothetical, the VE reiterated that the individual could perform the jobs of cleaner, ticket taker, and parking lot attendant. (R. 60).

Plaintiff argues that the ALJ improperly defined the term "moderate" in a way that may have misrepresented the intent of consultative examiner Rebecca Billings, Ph.D. Pl.'s Br. 3-12 (Docket No. 11). Specifically, he contends that Dr. Billings's opinion that Plaintiff had "moderate restrictions" in certain areas was vague, and that the ALJ's definition of "moderate" in the hypothetical to the VE rendered the limitations "vocationally irrelevant." *Id.* Plaintiff contends that the ALJ should have contacted Dr. Billings to clarify the meaning of "moderate," rather than creating his own interpretation. *Id.* In light of the other evidence the ALJ considered before formulating the hypothetical, this argument is without merit.

In determining the RFC and the corresponding hypothetical, the ALJ did not rely exclusively on Dr. Billings's opinion. The ALJ also expressly evaluated and assigned "some weight" to the opinion of Rachel Hill, Ph.D., who had evaluated Plaintiff in 2010. (R. 24). The ALJ found that Plaintiff was more limited than Dr. Hill had suggested because "her opinion does not reflect the limitations with regard to complex tasks and interaction with others that is

4

documented in other records." *Id.* As to the other functions, Dr. Hill opined:

> The claimant can follow and understand simple directions and instructions. He can perform simple tasks independently. He can maintain attention and concentration. He can maintain a regular schedule. He can learn new tasks. . . . He seems to make decent decisions.

(Tr. 477). In addition, the ALJ expressly evaluated and assigned "great weight" to the opinion of

Melissa Diorio, Psy.D. (R. 26-27). Dr. Diorio reviewed all of Plaintiff's medical records,

including Dr. Billings's report, and opined:

> The claimant can perform simple, routine, repetitive work in a stable environment. The claimant can understand, retain, and follow simple job instructions, i.e., perform one and two step tasks . . . The claimant is capable of working within a work schedule and at a consistent pace. Claimant can make simple decisions. The claimant is able to carry out very short and simple instructions. The claimant is able to maintain concentration and attention for extended periods of time. The claimant would be able to maintain regular attendance and be punctual. The claimant would be expected to complete a normal week without exacerbation of psychological symptoms . . . He is capable of asking simple quesitons and accepting instruction. The claimant is able to maintain socially appropriate behavior. He is able to get along with others in the workplace without distracting them. ADL's and social skills are functional.

(R. 93-94). Significantly, in addition to that descriptive narrative, Dr. Diorio found Plaintiff to

be "moderately limited" in several areas, including his ability to "make simple work-related

decisions," "accept instructions and respond appropriately to criticism from supervisors," "get

along with coworkers or peers without distracting them or exhibiting behavioral extremes,"

"respond appropriately to changes in the work setting," "maintain attention and concentration for

extended periods," and "work in coordination with or in proximity to others without being

distracted by them." (R. 93-94). It is clear, based upon Dr. Diorio's narrative description of

Plaintiff's functional abilities, that the "moderate limitations" she found do not significantly

impact Plaintiff's functioning, particularly given her conclusion that, "The claimant is able to

meet the basic mental demands of competitive work on a sustained basis despite the limitations

resulting from his impairment." (R. 94).

Thus, this case does not present a situation where the ALJ simply incorporated his own interpretation of "moderate" into the vague opinion of a medical expert in order to determine a claimant's RFC. Instead, the RFC and resulting hypothetical were properly premised on the opinions of several medical sources, including Dr. Hill, Dr. Billings, and Dr. Diorio. Despite Plaintiff's efforts to attribute "controlling" weight to Dr. Billings's opinion, Pl.'s Reply 2 (Docket No. 16), the ALJ in fact assigned "great weight" to the opinions of Dr. Billings and Dr. Diorio, and "some weight" to the opinion of Dr. Hill. In light of the significant narrative descriptions contained in those physicians' opinions, and the agreement between those opinions and the ALJ's RFC and hypothetical, substantial evidence exists in the record to support the ALJ's hypothetical to the VE. There is therefore no basis for remand.

III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.


Dated: September 25, 2014          /s/ J. Frederick Motz
                                   J. Frederick Motz
                                   United States District Judge